IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHNNY LAMB,                        )
Reg. No. 65339-004,                 )
                                    )
        Petitioner,                 )
                                    )
    v.                              )        CASE NO. 2:15-CV-585-MHT
                                    )
WALTER WOODS, et al.,               )
                                    )
        Respondents.                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Johnny Lamb ("Lamb"), a federal inmate incarcerated at the Maxwell Federal Prison Camp at the time he filed this petition.  Lamb is currently incarcerated on convictions and attendant sentences entered against him by the United States District Court for the Southern District of Florida for various narcotics and firearms offenses.  In this petition, Lamb challenges his designation as a career offender under the Sentencing Guidelines for sentence-enhancement purposes based on prior convictions from the State of Florida for (1) possession with intent to sell or deliver cocaine imposed upon him in 1996, and (2) possession with intent to sell or deliver cocaine imposed upon him in 1997.  Specifically, Lamb asserts *Johnson v. United States*, 135 S. Ct. 2551 (2015), invalidates "his status as a career offender" and argues his sentence therefore exceeds the statutory maximum. Doc. 1 at 4.[1]

---

[1] In *Johnson*, the United States Supreme Court held that the definition of "violent felony" set forth in the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(c)(2)(B)(ii), is unconstitutionally vague. 135 S. Ct. at 2557–59.

The respondents filed a response addressing the claims for relief presented by Lamb. Doc. 12.  In this response, the respondents argue that Lamb cannot proceed before this court on a 28 U.S.C. § 2241 petition because he "has not shown that § 2255 is 'inadequate or ineffective,' (28 U.S.C. § 2255(e)), and his career offender status was not determined based upon the 'residual clause' of the career offender section 4B1.2(a) of the advisory United States Sentencing Guidelines ('USSG')." Doc. 12 at 1.  Although the court provided Lamb an opportunity to respond to the respondents' arguments, *see* Doc. 14, he filed no response.

Upon review of the petition, the response filed by the respondents, and applicable Supreme Court law, the court concludes that the 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Johnny Lamb is due to be dismissed.

## II.  STATEMENT OF THE CASE

Lamb filed a direct appeal of the convictions entered against him by the United States District Court for the Southern District of Florida in which he argued that "his sentence should be vacated due to an erroneous career offender enhancement and because the sentence is unreasonable." *United States v. Lamb*, 214 F. App'x 908, 910 (11th Cir. 2007).   In affirming Lamb's convictions and sentences, the Eleventh Circuit set forth a detailed synopsis of his case. This synopsis, in relevant part, follows:

> On March 2, 2000, based on a tip from a confidential informant, Miami Dade Police officers searched a Miami residence suspected of being used as a "stash house" for narcotics. The search resulted in the seizure of, *inter alia*, fourteen firearms, one kilogram of powder cocaine, two-and-one-half pounds of marijuana, narcotics packaging, and scales. In the bedroom, officers found a receipt for cellular phone service containing Lamb's name, a picture of Lamb standing next to a vehicle in front of the premises, a martial arts certificate bearing Lamb's name hanging on the wall, and thirty utility bills for the residence in Lamb's name.

[I]n February of 2005, a federal grand jury in the Southern District of Florida returned an indictment charging Lamb with various narcotics and firearms offenses, and a warrant was issued for Lamb's arrest. Specifically, the indictment charged Lamb with: possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute five hundred or more grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (Count 2); possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 3); and possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4).

On March 11, 2005, a notice was entered deeming Lamb a fugitive from justice. On June 16, 2005, Lamb was arrested on the charges stemming from the drugs and firearms seized in 2000. During the arrest, Lamb consented to a search of his apartment. Prior to the search, Lamb alerted officers that marijuana and cocaine could be found on his night stand, and, during the search, officers found marijuana, powder cocaine, crack cocaine, elastics, plastic baggies, a razor blade, and cutting agents.

\*\*\*

On August 30, 2005, a grand jury returned a superceding indictment [against Lamb] adding four additional counts based on the items found in Lamb's residence on June 16, 2005. The superceding indictment added the following charges: possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count 5); possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 6); possession with intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Count 7); and renting an apartment for purposes of manufacturing, storing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(2) (Count 8). On September 2, 2005, a grand jury returned a second superceding indictment amending Count 5 to charge an offense involving less than five grams of crack cocaine.

On September 12, 2005, Lamb filed a motion to dismiss the indictment due to pre-indictment delay and to sever the counts pertaining to his 2000 conduct from the counts pertaining to his 2005 conduct (if the dismissal was not granted). The district court conducted a hearing on the motion on September 16, 2005. During the hearing, the Government told the court that if severance were granted, it wished to try the 2000 case first. The Government also argued that evidence pertaining to Lamb's 2005 arrest should be admissible in a trial of the 2000 offenses under Federal Rule of Evidence 404(b). Lamb's counsel argued that the defense needed additional time to locate witnesses and that he would be on leave during the next several days. The court granted Lamb's motion for severance,

agreed with the Government's contention that evidence pertaining to Lamb's 2005 arrest should be admissible in a trial of the 2000 offenses, and denied Lamb's request to dismiss the indictment.

In an order filed on September 21, 2005, the district court granted Lamb another continuance, setting a trial date for the period beginning on October 31, 2005. On October 20, 2005, and November 22, 2005, Lamb made two additional motions to continue the trial on the grounds that he needed more time to locate defense witnesses. The district court granted both motions.

Lamb's trial commenced on December 13, 2005, and the jury found him guilty on all four counts stemming from his 2000 conduct. After Lamb's conviction, he pleaded guilty, without a plea agreement, to Count 5 of the superceding indictment (which charged him with possession with intent to distribute crack cocaine on June 16, 2005) in exchange for the Government's agreement to dismiss Counts 6, 7, and 8. Following a sentencing hearing, Lamb was sentenced to 181 months imprisonment and six years of supervised release. . . .

Lamb argues that his sentence should be vacated because the district court erred by sentencing him as a career offender, failing to adequately consider record facts that would have supported a lower sentence, and imposing an unreasonable sentence. We disagree.

Because Lamb raises these objections to his sentence for the first time on appeal, we review them for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 545 U.S. 1127, 125 S. Ct. 2935, 162 L.Ed.2d 866 (2005).

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), sentencing requires two steps. "First, the district court must consult the Guidelines," which, "at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." *United States v. Talley*, 431 F.3d 784, 786 (11th Cir.2005) (citations omitted). Second, the district court must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *Id*. These factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, affording adequate deterrence, the need to protect the public from further crimes of the defendant, the Guidelines range; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). "Although sentencing courts must be guided by these factors, nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006) (citations omitted).

In the presentence investigation report ("PSI"), Lamb was classified as a career offender with a criminal history category of VI and a total offense level of 37, resulting in [a] Guidelines range of 360 months to life imprisonment, with an additional, consecutive, minimum term of five years (60 months) for Count 4 (possession of a firearm in furtherance of a drug-trafficking offense). At a status conference following Lamb's conviction, the district court stated that based on Lamb's criminal history, it thought the Guidelines range was unreasonable. Noting that the career offender classification was the result of felonies Lamb committed when he was 17 and 18 years old, the district court stated "I think" a criminal history category of III is more appropriate. The court went on to state "I think" an offense category of 30 is more appropriate, and that this number was reached by "disregarding" the career offender enhancement.

At the sentencing hearing, the Government argued that if the court wanted to impose a sentence below the Guidelines range, it should do so by imposing a downward departure based on the factors set forth in § 3553(a). Stating that the Guidelines range had been correctly calculated in the PSI, the district court continued to express reservations about the reasonableness of a 420–month sentence (the Guidelines minimum). Lamb argued that although the Guidelines range was "technically" correct, the court should use its discretion to disregard the career offender enhancement. After expressly noting that it had considered the § 3553(a) factors, and after discussing how several of those factors applied to Lamb's case, the district court sentenced to Lamb to a total of 181 months imprisonment, consisting of 120 months as to each of Counts 1 and 3 to be served concurrently, 121 months as to each of Counts 2 and 5 to be served concurrently with each other and concurrently with Counts 1 and 3, and 60 months as to Count 4 to be served consecutively to the terms imposed as to Counts 1, 2, 3, and 5.

Lamb contends that during the status conference, the district court had "announced with definiteness" that it would disregard the career offender enhancement included in the PSI. He argues that in failing to disregard the enhancement, the district court erred by receding from its previously-announced position, failing to consider that Lamb's prior felonies occurred while he was a teenager, and failing to consider Lamb's "lengthy period of lawful and gainful employment" during the preceding five years. We disagree.

First, the transcript of the status conference reveals that the district court did not announce with definiteness that it would disregard the career offender enhancement. As discussed above, the district court stated "I think" a criminal history category of III and an offense category of 30 (reached by disregarding the enhancement) are more appropriate. In our view, this does not constitute a definitive announcement that the court would disregard the enhancement.

We are also unpersuaded by Lamb's contention that the district court erred in failing to consider Lamb's age when he committed the prior felonies and his

subsequent gainful employment. Again, after *Booker*, the district court must correctly calculate the Guidelines range, and we review a defendant's ultimate sentence for reasonableness in light of the § 3553(a) factors. *Talley*, 431 F.3d 784, 786. But our reasonableness review does *not* apply to the application of individual Guidelines, nor does it apply to "each individual decision made during the sentencing process." *United States v. Winingear*, 422 F.3d 1241, 1244–45 (11th Cir. 2005). Here, Lamb does not argue that the career offender enhancement either resulted from, or produced, an incorrect application of the Guidelines. And because we do not review the reasonableness of an *individual* Guidelines application, *see id.*, Lamb's arguments regarding the factors the district *should have* considered in deciding whether to disregard the enhancement are addressed in our discussion of whether Lamb's ultimate sentence is reasonable. Accordingly, we hold that the district court did not err in declining to disregard the career offender enhancement.

Lamb also argues that his sentence should be reversed because the district court focused "solely" on the nature and circumstances of the offense, while giving "no consideration at all" to his personal "history and characteristics" such as his steady and gainful employment. We disagree.

During the sentencing hearing, the district court specifically took note of Lamb's period of employment with the Humane Society. Indeed, the court read excerpts from a letter written by Lamb's supervisor describing Lamb as a well-liked, courteous, caring, and hard-working employee. Noting the seriousness of the charged offenses, however, the court went on to discuss the need for the sentence to, *inter alia*, reflect the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by Lamb. Because "the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," we will not substitute our judgment in weighing the relevant factors. *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006). Accordingly, we reject Lamb's argument.

Finally, Lamb argues that the sentence was excessive "in total" and that the individual sentences imposed on Counts 2, 3, 4, and 5 were unreasonable because the district court made various "errors." As a threshold matter, "[w]e do not apply the reasonableness standard to each individual decision made during the sentencing process; rather, we review the final sentence for reasonableness." *Winingear*, 422 F.3d at 1245. "[W]e consider the final sentence, *in its entirety*, in light of the § 3553(a) factors." *Thomas*, 446 F.3d at 1350–51 (emphasis added); *see e.g.*, *United States v. Johnson*, 451 F.3d 1239, 1241–42, 1244 (11th Cir.), *cert. denied*, 549 U.S. 987, 127 S. Ct. 462, 166 L.Ed.2d 329 (2006) (reviewing for reasonableness a 140–month final sentence; not the reasonableness of the sentences imposed for each individual offense). Accordingly, we review Lamb's

"final sentence" for reasonableness, and we decline to evaluate each individual sentence imposed on Counts 2 through 5.

Here, the district court adhered to the requirements of *Booker* in imposing Lamb's sentence. First, the court expressly considered, and properly calculated, Lamb's advisory Guidelines range. Notably, Lamb does not challenge the court's calculation of the Guidelines range. Second, the court specifically stated that it had considered the § 3553(a) factors. And although a sentencing court need not explicitly discuss each of the § 3553(a) factors, *Thomas*, 446 F.3d at 1357, in this case, the district court discussed several, including Lamb's history and characteristics (including his youth at the time of his prior offenses and his lawful employment with the Humane Society), *see* 18 U.S.C. § 3553(a)(1), the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, *see id*. § 3553(a)(2)(A), afford adequate deterrence, *see id*. § 3553(a)(2)(B), protect the public from future crimes by Lamb, *see id*. § 3553(a)(2)(C), and the need to avoid unwarranted sentencing disparity among similarly-situated defendants, see id. § 3553(a)(6). On this record, we cannot say that Lamb's 181-month final sentence was unreasonable under *Booker*.

*Id.* at 910–11 & 917–19 (internal headings and footnote omitted).  Lamb did not file a 28 U.S.C. § 2255 motion challenging his convictions.

### III.  CLAIMS AND ARGUMENTS

Lamb alleges that the United States District Court for the Southern District of Florida improperly enhanced his sentence under the Sentencing Guidelines applicable to career offenders based on his prior controlled substance offenses from the State of Florida.  In support of this allegation, Lamb asserts "that the decision in Johnson will [likely] have a direct effect on the validity of [his] status as a career offender." Doc. 1 at 4.  Lamb therefore asserts that the trial court erred in designating him a career offender for sentence enhancement purposes and, due to this designation, imposed a sentence upon him which exceeded the maximum authorized by law.

The respondents filed a response in opposition to Lamb's habeas petition in which they argue that Lamb has failed to meet his burden of showing that the remedy available to him under § 2255 is "inadequate or ineffective" as required by § 2255(e), and therefore he may not proceed

before this court on a 28 U.S.C. § 2241 petition. Doc. 12 at 1 & 5–6.   Specifically, the respondents maintain that Lamb cannot meet the "inadequate or ineffective" requirement because the trial court deemed Lamb a career offender based on his prior drug offenses, not on convictions for violent offenses within the definition of the residual clause of Section 4B1.2(a) of the Sentencing Guidelines, and thus "*Johnson* does not apply to Lamb's case." Doc. 12 at 1 & 6–8.   The respondents further argue that the new rule of constitutional law announced in *Johnson* addressing the vagueness of the residual clause contained in the Armed Career Criminal Act is simply inapplicable to sentences imposed upon career offenders under the Sentencing Guidelines. Doc. 12 at 7.

> The Armed Career Criminal Act ("ACCA")—the statute *Johnson* addressed—provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both."   It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id*. at § 924(e)(2)(B).  *Johnson* found that "residual" clause so vague as to violate due process.  *See* 135 S. Ct. at 2557.   Importantly, [*Johnson*] said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id*. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

> The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2). . . .

> [Prior Circuit precedent, however, directs that] *Johnson* does not apply to the Guidelines.

*Cummings v. United States*, 2017 WL 902887 (S.D. Ga. Mar. 7, 2017) (adopting recommendation of Magistrate Judge as opinion of the court).  The *Cummings* court therefore held that the inmate was due no relief on claims challenging his sentence as a career offender under the Sentencing Guidelines.

On March 6, 2017, the United States Supreme Court agreed with Eleventh Circuit precedent and held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 2017 WL 855781 (U.S. Mar. 6, 2017).  As relevant to this case, the Supreme Court determined that *Johnson* does not apply to the career offender provisions of the Sentencing Guidelines, which are the provisions under which the United States District Court for the Southern District of Florida sentenced Lamb.

After thorough review of the petition, the response filed by the respondents, the undisputed facts related to sentencing, and relevant federal law, the court finds that no evidentiary hearing is required, *see* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts, and concludes that the instant § 2241 habeas petition is due to be dismissed because the "petition does not fall within the text of the saving clause" of § 2255(e). *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 2017 WL 977029, *9 (11th Cir. Mar. 14, 2017).

## IV.  DISCUSSION

In the § 2241 petition pending before the court, Lamb challenges the enhancement of his sentence as a career offender in accordance with the Sentencing Guidelines.  Lamb bases his petition on the Supreme Court's decision in *Johnson*.  However, *Johnson* is not applicable to the Sentencing Guidelines. *Beckles*, 2017 WL 855781.

"Typically, collateral attacks on the validity of a federal sentence must be brought [in a motion to vacate] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan*, 2017 WL 977029, at *2 (noting that for decades "Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of petition for writ of habeas corpus, *id*., § 2241, to collaterally attack the legality of his sentence.").

A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*Id*. § 2255(e) (emphasis added). "[S]aving[, not savings,] is the precise word" for "a statutory provision exempting from coverage something that would otherwise be included," Bryan A. Garner, *Garner's Dictionary of Legal Usage* 797 (3d ed. 2011); it has nothing to do with saving a statute from unconstitutionality, *see, e.g.*, 28 U.S.C. § 1333(1) ("saving to suitors in all cases all other remedies to which they are otherwise entitled").

*McCarthan*, 2017 WL 977029, at *2-3.

The savings clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." *Taylor v. Warden FCI Marianna*, 557 F. App'x 911, 913 (11th Cir. 2014).  When a petitioner seeks to proceed on a § 2241 petition for writ of habeas corpus under the saving clause of § 2255(e) he "bears the burden of establishing that the remedy by [§ 2255] motion was 'inadequate or ineffective to test the legation of his detention.'" *McCarthan*, 2017 WL 977029, at *2 (internal citation omitted).  "[W]hether a federal prisoner pursuing a § 2241 petition meets the § 2255(e) saving[] clause, and thereby opens a portal to review of the merits of the § 2241 petition, is a threshold consideration that must be resolved [by the court] before reaching the merits of the § 2241 petition." *Simmons v. Warden*, 661 F. App'x

957, 959 (11th Cir. 2016); *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001 (2001) (same).

> The saving clause provides a federal prisoner relief only when his 'remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When we read this text, several terms offer important clues about its meaning: "remedy," "to test," "inadequate or ineffective," and "detention." Careful review of these terms and the whole text makes clear that a change in caselaw does not trigger relief under the saving clause. Whether circuit precedent "was once adverse to a prisoner has nothing to do with whether [a] motion to vacate his sentence is 'inadequate or ineffective to test the legality of his detention.'"

> [Petitioner's] claim that his sentence exceeds the statutory maximum is exactly the kind of claim that a motion to vacate is designed to "remedy," notwithstanding adverse precedent.

*McCarthan*, 2017 WL 977029, at *6 (internal citation omitted).  Thus, "[w]hen a prisoner's argument about the legality of his sentence conflicts with circuit precedent, a motion to vacate is neither inadequate nor ineffective to test his argument." *Id*. at 8.  Moreover, neither a petitioner's failure to bring his sentencing claim "earlier nor his odds of success on the merits are relevant to the saving clause inquiry.  Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." *Id*. at 9.

The Court in *McCarthan* further observed:

> The motion to vacate was intended to be a **substitute** remedy for the writ of habeas corpus, *see Hill v. United States*, 368 U.S. 424, 427, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962); *Hayman*, 342 U.S. at 219, 72 S. Ct. 263, but permitting federal prisoners to file habeas petitions based on an intervening change in statutory interpretation [rather than newly recognized right or new rule of constitutional law established by the Supreme Court and made retroactive on collateral review] provides those prisoners with a superior remedy. Allowing a prisoner to use the saving clause to bring a statutory claim in a habeas petition circumvents the bar on successive petitions. 28 U.S.C. § 2255(h). It does away with the one-year statute of limitations. *Id*. § 2255(f). It renders the process for obtaining permission to file a second or successive motion, *id*. § 2253(b), and that

for obtaining a certificate of appealability, *id*. § 2253(c)(1), a nullity. A prisoner who brings a constitutional claim under section 2255(h) [and section 2255(f)(2-4)], in contrast, must overcome these procedural hurdles. The [prior] test [established by circuit precedent] unravels this carefully tailored scheme. It makes no sense to allow a federal prisoner to evade the statutory framework by filing a petition for a writ of habeas corpus.

Allowing a federal prisoner to bring a [procedurally barred] claim in a petition for a writ of habeas corpus also defies the logic of the venue provisions. A federal prisoner must file a motion to vacate in the court that tried and sentenced him, where he can challenge issues about his trial and sentencing. *See id*. § 2255(a). In contrast, he must bring a petition for a writ of habeas corpus in the district in which he is imprisoned, where he can challenge his detention. *See id*. § 2241(d). The United States Attorney who participated in sentencing defends challenges to the prisoner's trial and sentencing. *Id*. § 2255(a). But the warden of the prison defends challenges to the prisoner's detention. *Id*. § 2241(d).

Allowing a prisoner to bring an ordinary attack on his sentence in the district where he is detained eviscerates this structure. It resurrects the problems that section 2255 was enacted to solve, such as heavy burdens on courts located in districts with federal prisons, inconvenience for witnesses who must travel far from where the prisoner was tried to the place where he is detained, the requirement that wardens defend resentencing. *See* [*United States v. Hayman*, 342 U.S. 205, 219 (1952)]. It also creates new procedural and jurisdictional wrinkles for district courts tasked with implementing relief that the statute does not contemplate. *See Hill v. Sepanek*, Civil No. 14-85-ART, 2017 WL 73338, at *5–9 (E.D. Ky. Jan. 6, 2017) (Thapar, J.) ("[P]ractical problems . . . arise under any construction of the saving[] clause that does not comport with its plain meaning."); *Love v. Hogsten*, Civil Action No. 1:09-cv-2134-JEC, 2012 WL 3822194, at *4 (N.D. Ga. Sept. 4, 2012) (J. Carnes, J.) ("Insisting that what is essentially a § 2255 claim . . . be instead deemed a § 2241 claim [shifts] the venue . . . from the district of sentencing to the district in which the petitioner is confined[,] . . . meaning that there is the potential for multiple § 2241 saving[ ] clause claims in multiple districts, creating confusion, duplicative effort, and potentially inconsistent results."). Allowing access to the saving clause to bring ordinary sentencing challenges disregards Congress's decision to bifurcate the system of collateral review between challenges to a prisoner's sentence and challenges to the execution of a prisoner's sentence. Limiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of federal collateral review.

*McCarthan*, 2017 WL 977029, at *10–11.  As the court noted, permitting procedural bars "to trigger the saving clause makes the statute self-defeating." *Id*. at 10.  It is therefore clear that the

mere fact a petitioner faces procedural bars—*i.e.*, successive petition, expiration of the one-year limitation period or procedural default—to obtaining relief in a § 2255 motion does not render § 2255 inadequate or ineffective.

"A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.  Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." *McCarthan*, 2017 WL 977029, at *17. Furthermore, the fact that Lamb faces procedural bars to filing a § 2255 motion does not render that section inadequate or ineffective.  The court therefore concludes that Lamb does not qualify for the saving clause because his claim challenging enhancement of his sentence under the Sentencing Guidelines is a claim cognizable under § 2255 that could have been raised in a motion to vacate.  Consequently, "the remedy by [§ 2255] motion was an 'adequate and effective means for testing such an argument.'  [Lamb] cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus." *Id*. (internal citation omitted).[2]

For the foregoing reasons, Lamb is entitled to no relief on the claims raised in his 28 U.S.C. § 2241 petition and this case is subject to dismissal for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since the petitioner could not satisfy the saving clause of § 2255(e) the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

---

[2] As previously referenced, the Supreme Court in *Beckles* held that *Johnson* is not applicable to the career offender provisions of the Sentencing Guidelines.  Thus, Lamb's claim to the contrary likewise lacks merit.

**V.  CONCLUSION**

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Johnny Lamb be DISMISSED for lack of jurisdiction and this case be DISMISSED with prejudice.

It is further ORDERED that on or before **April 21, 2017** the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of April, 2017.

_____
/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE